IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES A. SIZEMORE,**

       **Plaintiff,**

v.                                          **Civil Action No. 5:07cv118**
                                                **(Judge Stamp)**

**JIM RUBENSTEIN, Commissioner**
**West Virginia Division of Corrections,**

       **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On September 18, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendant pursuant to 42 U.S.C. § 1983. On September 19, 2007, the plaintiff was granted permission to proceed as a pauper. The plaintiff paid an initial partial filing fee on October 31, 2007. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A, and LR PL P 83.01, et seq.

### I. The Complaint

In the complaint, the plaintiff asserts that he is a Division of Corrections ("DOC") inmate being housed in a regional jail. The plaintiff asserts that being held in a regional jail, rather than a DOC facility, is cruel and unusual punishment because he does not have access to the same medical care, drug and alcohol rehabilitation programs, educational programs and classes, exercise rooms, and smoking areas as other DOC prisoners. As relief, the plaintiff requests this Court order his transport to a DOC facility.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

In order to qualify for prospective relief with respect to prison conditions, the plaintiff must first establish that a federal right has been violated. Prospective relief includes all relief other than compensatory damages. 18 U.S.C. § 3626(f)(7). Pursuant to 18 U.S.C. § 3626(a)(1),

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any

---

[1] Id. at 327.

> prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief.

Therefore, in order to state a claim for prospective relief, the plaintiff must first show that a violation a federal right occurred. In this case, the plaintiff argues that as a DOC inmate, he should not be housed in a regional jail because doing so violates the Eighth Amendment's prohibition on cruel and unusual punishment. However, the plaintiff has no right to be housed in a particular facility nor can he establish that his incarceration in a regional jail for the stated reasons, is cruel and unusual punishment.

**A.  Right to Transfer**

It is well-established that an inmate has no right to be housed in any particular facility. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, the plaintiff cannot assert that any federal right is violated when the DOC does not immediately transfer him to a DOC facility.

**B.  Cruel and Unusual Punishment**

In general, the Eighth Amendment prohibits "cruel and unusual punishment."[2] Farmer v. Brennan, 511 U.S. 825 (1994). In order to comply with the Eighth Amendment, prison conditions must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official

---

[2] The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

Here, the plaintiff asserts that the regional jail does not offer the same programs and benefits that a DOC facility would provide. Specifically, the plaintiff asserts that a lack of rehabilitation programs, educational classes, an exercise room, and smoking areas constitutes cruel and unusual punishment. The plaintiff has failed, however, to show that such inadequacies, even if true, are an excessive risk to his health and safety. Moreover, even if they were, the plaintiff has also failed to show that prison officials know of these risks and have disregarded them. The plaintiff has provided absolutely no evidence to even suggest that the conditions of his confinement at the regional jail have placed him at a substantial risk of any harm, much less serious harm. Accordingly, the plaintiff has failed to show that his incarceration in a regional jail is cruel and unusual.

## C. Equal Protection

Although not specifically argued by the plaintiff, it appears that he may also be asserting an equal protection claim based on his argument that he does not receive the same benefits afforded DOC inmates actually housed in DOC facilities.

The equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. In other words, governmental decisionmakers may not treat like persons differently. See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). Thus, in order to establish an equal protection violation, the plaintiff must show that he has been treated differently from others who are similarly situated and that the unequal treatment was a result of intentional discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654

(4th Cir. 2001). However, prisoners are not a suspect class per se and "the status of incarceration is neither an immutable characteristic, nor an invidious basis of classification." Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Therefore, the plaintiff must also show that his treatment was not rationally related to a legitimate governmental interest. Id.

In West Virginia, is well-established that the prolonged placement of inmates in a regional jail is due to the DOC's limited resources and lack of beds in its facilities. See Khaliq v. Angelone, No. 02-7365, 72 Fed. Appx. 895, 2003 WL 21689152 (4th Cir. July 21, 2003) (per curiam). Thus, the plaintiff cannot establish any intentional or purposeful discrimination on the part of the DOC in housing him in a regional jail. Moreover, pursuant to statute, "[t]he primary purpose of the division of corrections is to enhance public safety by providing for the incarceration and care of convicted offenders who have been sentenced by courts of proper jurisdiction to serve terms of incarceration." See W.Va. Code § 25-1-1a. Therefore, housing inmates in regional jails when adequate bed space is not available in DOC facilities, is rationally related to a legitimate governmental interest.

In addition, the undersigned notes that in Khaliq, supra, the Fourth Circuit Court of Appeals rejected similar claims made by Virginia State prisoners. In that case, 29 prisoners were sentenced to terms of imprisonment in state correctional facilities, but ended up being housed in regional jails. The prisoners sued the Virginia DOC alleging that their equal rights were being violated. However, the Fourth Circuit found that prisoners in local facilities were not similarly situated to prisoners in state facilities for purposes of evaluating the physical space, programs and opportunities available to them.[3] Alternately, the Court found that assuming the prisoners were similarly situated, there was

---

[3] Much like the plaintiff in this case, the plaintiffs in Khaliq argued that they were treated dissimilar to inmates housed in DOC facilities because the regional jails had less space, no work release programs, no ability to earn money, no furlough programs, no contact visits with family members, no

5

a rational basis for the differential treatment. Accordingly, any equal protection claim is foreclosed by the Fourth Circuit's decision in Khaliq.

**D.   Writ of Mandamus**

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

Here, the plaintiff seeks an Order compelling the DOC to transfer him to a DOC facility for the service of his sentence. However, as noted above, the plaintiff cannot show a clear and indisputable right to the relief sought. Accordingly, to the extent that the plaintiff seeks a writ of mandamus against the DOC, such writ should be denied.

**IV.   Recommendation**

For the foregoing reasons, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any

---

exercise facilities, no vocational training programs and less adequate medical facilities.

party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 16, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE