IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES A. SIZEMORE,

        Plaintiff,

v.                                    Civil Action No. 5:07CV118
                                                         (STAMP)
JIM RUBENSTEIN,

        Defendant.

              **MEMORANDUM OPINION AND ORDER**
              **AFFIRMING AND ADOPTING REPORT AND**
              **RECOMMENDATION OF MAGISTRATE JUDGE**

                        I.  Background

    On September 18, 2007, the pro se[1] plaintiff, James A. Sizemore, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that he is a Division of Corrections ("DOC") inmate being housed in a regional jail where he is suffering cruel and unusual punishment because he does not have access to the same medical care, drug and alcohol rehabilitation programs, educational programs and classes, exercise rooms, and smoking areas as other DOC prisoners. The plaintiff is requesting that this Court transfer him to a DOC facility.

    This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01, 28 U.S.C. §§ 1915(e) and 1915A. On September 16, 2008, the magistrate judge issued a

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

report and recommendation recommending that the plaintiff's complaint be dismissed. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections.[2] For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure

---

[2] A copy of the magistrate judge's report and recommendation was mailed to the plaintiff at his last known address. Service of this report and recommendation was accepted on September 22, 2008. Thereafter, however, the magistrate judge's report and recommendation was returned as undeliverable to the plaintiff. Upon receipt of the plaintiff's original § 1983 complaint, the Clerk of Court mailed the plaintiff this Court's Notice of General Guidelines for Appearing Pro Se in Federal Court, which informed the plaintiff of his affirmative duty to keep the Court and opposing counsel apprised of his current address at all times and advising him that failure to do so may result in his case being dismissed without prejudice. Therefore, in this case, the plaintiff has failed to comply with his affirmative duty to keep the Court advised of his current address at all times. This failure has kept the plaintiff from receiving the magistrate judge's report and recommendation and possibly filing objections. For the purposes of this memorandum opinion and order, whether service of the report and recommendation was accepted, or such report was returned as undeliverable, the plaintiff did not file objections to the report and recommendation within the prescribed time limits, and this Court will apply the proper standard of review to that effect.

to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

A frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly

baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

This Court finds no clear error in the magistrate judge's recommendation. In this case, the magistrate judge recommended that the plaintiff's complaint be denied and dismissed with prejudice because the plaintiff could not establish that a federal right has been violated. See 18 U.S.C. § 3626(a)(1) ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff . . . The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, [and] extends no further than necessary to correct the violation of the Federal right . . . ."). Specifically, the magistrate judge first found that because an inmate has no right to be housed in any particular facility, Meachum v. Fano, 427 U.S. 215 (1976), the plaintiff could not assert that the DOC has violated a federal right by not transferring the plaintiff immediately to a DOC facility.

Next, the magistrate judge found that the plaintiff failed to demonstrate that the lack of rehabilitation programs, educational classes, an exercise room, and smoking areas in the facility where he is incarcerated constitutes cruel and unusual punishment. The Eighth Amendment entitles prisoners to prison conditions that comport with "the evolving standards of decency that mark the

progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Also,

> [a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) (emphasis added). Here, the plaintiff has failed to establish that the lack of such programs and benefits in the regional jail has exposed him to an excessive risk of his health and safety or placed him at a substantial risk of serious harm. Moreover, even if such inadequacies do exist, the plaintiff has offered no proof that prison officials know of these risks and have disregarded them. Thus, the magistrate judge found that the plaintiff failed to show that his incarceration in a regional jail, rather than a DOC facility, constituted cruel and unusual punishment.

The magistrate judge also held that any equal protection claim that the plaintiff may argue is also foreclosed.[3] To establish an equal protection violation, the plaintiff must show that he has both been treated differently from others similarly situated and that the unequal treatment resulted from intentional discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th

---

[3]The plaintiff did not specifically argue an equal protection claim in his § 1983 complaint. Nevertheless, the magistrate judge found that the plaintiff may be asserting such a claim based on his argument that he does not receive the same benefits afforded to DOC inmates housed in actual DOC facilities.

5

Cir. 2001). Because prisoners are not a suspect class per se, and "the status of incarceration is neither an immutable characteristic, nor an invidious basis of classification," the plaintiff must also show that his treatment was not rationally related to a legitimate government interest. Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989).

The magistrate judge found that in West Virginia, the placement of inmates in regional jails is due to the DOC's limited resources and lack of bed space. See Khaliq v. Angelone, 2003 WL 21689152 (4th Cir. July 21, 2003) (per curiam). Furthermore, "[t]he primary purpose of the division of corrections is to enhance public safety by providing for the incarceration and care of convicted offenders who have been sentenced by courts of proper jurisdiction to serve terms of incarceration." See W. Va. Code § 25-1-1a. Accordingly, the magistrate judge held that housing inmates in regional jails when adequate bed space is not available at DOC facilities is rationally related to a legitimate government purpose. Finally, in light of the Fourth Circuit Court of Appeals' decision in Khaliq v. Angelone, 2003 WL 21689152, in which the Court held that prisoners in local facilities were not similarly situated to prisoners in state facilities for the purposes of evaluating the physical space and opportunities available to them, and even if they were, there was a rational basis for the differential treatment, the magistrate judge held that any argument

6

that the plaintiff might assert concerning equal protection is without merit.

Finally, the magistrate judge found that to the extent that the plaintiff seeks an order compelling the DOC to transfer him to a DOC facility to serve his sentence, such a writ of mandamus should be denied because the plaintiff cannot show a clear and indisputable right to the relief sought. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable."). For these reasons, the magistrate judge recommended to this Court that the plaintiff's § 1983 complaint be dismissed with prejudice for failure to state a claim.

Following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations. Accordingly, this Court concludes that the magistrate judge's recommendations concerning the plaintiff's § 1983 complaint be affirmed and adopted.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set

7

forth above, the plaintiff's § 1983 claim is DENIED and DISMISSED WITH PREJUDICE for failure to state a claim.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    November 7, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE